UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISMAEL GOMEZ,

        Petitioner,

                                  CASE NO. 5:07-CV-13718
v.                                 HONORABLE JOHN CORBETT O'MEARA

DEBRA SCUTT,

        Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS</u>**

**I.    Introduction**

Ismael Gomez ("Petitioner"), a Michigan prisoner, has filed a pro se petition for writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded no contest to two counts of delivery or manufacture of 50 to 224 grams of a controlled substance (cocaine), Mich. Comp. L. § 333.7401(2)(a)(iii), and one count of possession of a firearm during the commission of a felony, Mich. Comp. L. § 750.227b, in the Muskegon County Circuit Court and was sentenced as a third habitual offender, Mich. Comp. L. § 769.11, to consecutive terms of 10 to 40 years imprisonment on each of the drug convictions and a consecutive term of two years imprisonment on the felony firearm conviction in 2003. In his pleadings, Petitioner raises claims concerning the trial court's refusal to quash his police statement, the prosecutor's charging decision, the voluntariness of his plea, and the effectiveness of defense counsel. For the reasons set forth herein, the Court denies the petition for writ of

habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal in forma pauperis.

## II.     Facts and Procedural History

Petitioner's convictions arise from a controlled drug buy involving a confidential informant and the subsequent search of Petitioner's residence in Muskegon County, Michigan in June, 2002. During the search of the home, the police recovered cocaine, four guns, and a portion of the buy money. Petitioner also made admissions to the police regarding the drug buy and the cocaine and guns found in his home. Prelim. Hrg. Tr., pp. 3-27.

Petitioner was arrested and charged with drug and weapon offenses. On June 17, 2003, Petitioner waived his right to a jury trial. Defense counsel thereafter moved to suppress Petitioner's statements to police claiming that he was not competent to waive his constitutional rights because he was recovering from an outpatient circumcision surgery and was on pain medication. The trial court conducted a hearing on June 18, 2003. Following testimony by the police and Petitioner, the trial court denied the motion finding that Petitioner knowingly and voluntarily waived his rights and spoke to the police. Motion Hrg. Tr., pp. 60-63. After consulting with counsel, Petitioner then pleaded no contest to the aforementioned offenses. Plea Hrg. Tr., pp. 3-18. On July 21, 2003, following a hearing, the trial court sentenced Petitioner to consecutive terms of 10 to 40 years imprisonment on the drug convictions and a consecutive term of two years imprisonment on the felony firearm conviction with credit for time served.

Petitioner, through counsel, filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that: (1) the trial court erred in failing to quash Petitioner's statements to police and (2) defense counsel was ineffective. The court denied leave to appeal

2

for lack of merit in the grounds presented. *People v. Gomez*, No. 254351 (Mich. Ct. App. April 29, 2004) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, as well as claims that: (1) his plea should be set aside because defense counsel was ineffective for failing to move to suppress evidence obtained from an invalid affidavit and (2) he is entitled to be sentenced under the amendments to the state drug laws. The court denied leave to appeal in a standard order. *People v. Gomez*, 471 Mich. 920, 688 N.W.2d 829 (2004).

Petitioner subsequently filed a motion for relief from judgment in the state trial court asserting that: (1) the prosecutor abused his charging authority, (2) defense counsel was ineffective for failing to challenge the prosecutor's charging decision and for failing to properly represent him at the suppression hearing, (3) his no contest plea was not knowing, intelligent, and voluntary, (4) he is entitled to re-sentencing due to a change in state law, (5) appellate counsel was ineffective for failing to raise issues on direct appeal, and (6) his habitual offender enhancement is not authorized by state law. The trial court denied the motion finding that several issues were waived by Petitioner's no contest plea, that certain claims were based upon a misunderstanding of the law, and that Petitioner failed to establish cause and prejudice under MCR 6.508(D)(3) for failing to raise the issues on direct appeal of his convictions. *People v. Gomez*, No. 02-47882-FH (Muskegon Co. Cir. Ct. March 13, 2006). Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Gomez*, No. 270018 (Mich. Ct. App. Nov. 9, 2006) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied.

*People v. Gomez*, 478 Mich. 866, 731 N.W.2d 732 (2007).

Petitioner thereafter filed the present habeas petition, asserting the following claims:

I.   The trial court clearly erred in failing to quash his statement, and he was not mentally capable of understanding or intelligently waiving his constitutional rights.

II.  His plea and sentence must be set aside where his attorney rendered constitutionally ineffective assistance of counsel and there is a reasonable probability that the outcome would have been different.

III. The prosecutor abused his charging authority by illegally charging or overcharging him in his delivery of a controlled substance case where there was absolutely no evidence linking him to the Robars and where the search warrant was based upon false and manufactured information contained in the affidavit in support thereof that the police and prosecutor knew or should have known was false and manufactured.

IV.  Both defense attorneys were clearly ineffective for failing to challenge the prosecution's abuse of charging authority, the dubious affidavit in support of the search warrant, and where his court-appointed attorney (Hoopes) rendered complete ineffectiveness as the suppression hearing by challenging only its voluntary nature in a less than perfunctory manner but failed to challenge its accuracy and truthfulness under *Franks v. Delaware*, 438 US 154 (1978), which should have been suppressed ab initio.

V.   His no contest plea was lacking in understanding, intelligence, and was involuntary as a matter of law and fact due to police and prosecutorial misconduct, intimidation and coercion of himself and potential defense witnesses, the prosecutor's abuse of charging authority, an unconstitutional search warrant and affidavit, illegally seized evidence, a false and manufactured statement, false charges, and the ineffectiveness of his trial attorneys, inter alia.

Respondent has filed an answer to the petition contending that it should be denied because the claims were waived by Petitioner's no contest plea, lack merit, and/or are barred by procedural default.

**III.    Analysis**

    **A.    Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003)

(quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision.  *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003).  Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.  While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue.  *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with clear and convincing evidence.  *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

      **B.**    **Suppression and Charging Decision (Habeas Claims I and III)**

Petitioner asserts that he is entitled to habeas relief because the trial court erred in failing

to suppress his statements to police and because the prosecutor abused his charging authority. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea, however, are foreclosed by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Petitioner pleaded no contest to the charged drug and weapon offenses. Absent a showing that his plea was not knowing, intelligent, or voluntary, his involuntary *Miranda* waiver/police statement claim, improper charging decision claim (and related challenges to the search warrant and supporting affidavit), and other pre-plea claims are foreclosed by his no contest plea. Habeas relief is not warranted on such claims.

### C. Involuntary Plea (Habeas Claim V)

Petitioner also asserts that he is entitled to habeas relief because his no contest plea was involuntary. When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it

is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. At the time of his plea, Petitioner was 36 years old and had significant prior experience with the criminal justice system. There is no indication that Petitioner suffered from any medical or mental health condition that impaired his ability to understand his criminal proceedings or the nature of his plea. Petitioner responded appropriately to the court's questions and stipulated to a factual basis for his plea indicating his guilt of the charged drug and weapon offenses. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the plea and possible sentencing consequences, including such matters as consecutive sentencing and the amendments to the drug laws, and informed Petitioner of the maximum sentences he faced upon conviction. Petitioner indicated that he was pleading no contest of his own free will and had not been coerced or threatened. He also indicated that no promises had been made to him to induce his plea.

Petitioner claims that defense counsel mishandled his case and coerced him to accept a plea. Petitioner has not established that counsel misadvised him about his case or his plea. Moreover, even if Petitioner was somehow misinformed by counsel, he is not entitled to habeas relief. A trial court's proper plea colloquy cures any misunderstandings that a defendant may have about the consequences of a plea. *See Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999); *see also Boyd v. Yukins*, 99 Fed. Appx. 699, 703 (6th Cir. 2004). The record demonstrates that the trial court conducted a proper colloquy. Additionally, Petitioner's assertion that defense counsel and/or the prosecution pressured him into pleading no contest conflicts with his sworn testimony at the plea hearing in which he denied being coerced and stated that he was entering a plea of his own free will. There is no credible evidence that defense counsel or the prosecution strong-armed Petitioner or used coercive tactics to get him to tender a plea. Petitioner's assertion that he was coerced is belied by the record. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary.

### D. Ineffective Assistance of Counsel (Habeas Claims II and IV)

Petitioner relatedly asserts that he is entitled to habeas relief because defense counsel was ineffective, thereby rendering his plea involuntary. The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that

9

counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

Petitioner first asserts that defense counsel was ineffective for failing to investigate his case, for failing to appropriately challenge his police statements and the search warrant, and for failing to take other actions during the pre-plea period. As discussed *supra*, claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are foreclosed by that plea. *See Broce*, 488 U.S. at 569; *Tollett*, 411 U.S. at 267. In such a case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Accordingly, Petitioner's claim that defense counsel was ineffective for failing to investigate his case or take other actions during the pre-trial period is foreclosed by his no contest plea and Petitioner is not entitled to relief on such a basis.

Petitioner also asserts that defense counsel was ineffective for advising him to plead no contest rather than preparing for and proceeding to trial. It is true that defense counsel has a

duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994) (failure to investigate, especially as to key evidence, must be supported by a reasoned and deliberate determination that investigation was not warranted). Petitioner, however, has not established that counsel was deficient in investigating his case and in advising him to accept a plea. The record reveals that Petitioner was linked to a controlled drug buy conducted with an informant, that the police subsequently recovered cocaine, guns, and a portion of the buy money from Petitioner's home pursuant to a search warrant, and that Petitioner made incriminating statements to the police. Defense counsel challenged the voluntariness of Petitioner's waiver of his constitutional rights and his police statements. When that challenge was unsuccessful, defense counsel and Petitioner conferred and Petitioner chose to plead no contest rather than proceed to trial. Based upon the preliminary examination and suppression hearing testimony and outcome, defense counsel may have reasonably determined that Petitioner could not prevail at trial and that his interests would best be served by pleading no contest and hoping for leniency at sentencing. Petitioner has failed to show that defense counsel erred or acted unreasonably in advising him to plead no contest under the particular circumstances of this case.

Further, Petitioner has not established that but for defense counsel's alleged errors there is a reasonable probability that he would not have pleaded no contest and would have insisted on going to trial. *See Hill*, 474 U.S. at 58-59. Petitioner did not have a good defense to the charges. Moreover, the matters which he believes should have been further investigated by

counsel do not establish his innocence nor cast doubt upon the reliability of the proceedings. Consequently, Petitioner cannot prevail on his ineffective assistance of counsel claims. Habeas relief is not warranted on such a basis.

**IV.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

A district court, in its discretion, may decide whether to issue a COA at the time the court rules on the habeas petition or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). Having

considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. The Court, therefore, **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed on appeal in forma pauperis as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed on appeal in forma pauperis.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: July 22, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 22, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager

13